UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DONALD W. JACKSON, SR. | ) | CASE NO: 20-30171(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| DONALD W. JACKSON, SR. | ) | AP NO: 22-03005 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRUIST BANK | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Combined Motion and Memorandum in Support to Dismiss Adversary Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Truist Bank ("Truist" or "Defendant") seeking dismissal of the Complaint filed herein by Plaintiff Donald W. Jackson, Sr. ("Plaintiff" or "Debtor"). The Court considered the Motion to Dismiss and Supporting Memorandum of Plaintiff, the Response and Objection to the Motion to Dismiss filed by Plaintiff, the Reply Memorandum filed by Truist, the Sur-Reply and Response and Objection to Truist's Motion to Dismiss filed by Plaintiff and the Supplemental Reply to Motion to Dismiss filed by Plaintiff. The Court also considered the arguments of counsel for each party at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion to Dismiss this Adversary Proceeding filed by Truist. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## PROCEDURAL BACKGROUND AND UNDISPUTED STATEMENT OF FACTS

On January 17, 2020, Plaintiff filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

In his Petition, on Schedule D: Creditors Who Have Claims Secured by Property, Plaintiff listed a mortgage loan with Branch Bank & Trust ("BB&T"), Truist's predecessor, which was secured by real estate described as "Duplex-1321 Olive Street," Louisville, Kentucky 40211. The amount of the claim was listed as $24,575.

On April 21, 2020, an Order of Discharge in Plaintiff's Chapter 7 case was entered pursuant to 11 U.S.C. § 727. The Order of Discharge, under the heading "Creditors cannot collect discharged debts," stated "However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage. . . . ." *See* Case No. 22-30171, DKT No. 22.

The Final Decree in the Plaintiff's Chapter 7 bankruptcy case was entered on July 1, 2022. Plaintiff acknowledged in his Complaint herein that while his bankruptcy discharge "discharged [his] personal liability on the BB&T mortgage [it] did not extinguish BB&T's rights under the mortgage." *See* Complaint, par. 10.

Truist issued an IRS Form 1099-C for Plaintiff in the amount of $21,727.05 with the identifiable event listed as April 21, 2020 (the date of the Order of Discharge), with the event coded as "A", which meant the debt was discharged due to bankruptcy. Complaint, par. 11-12 and Exhibit 1 to Truist's Motion to Dismiss, DKT 7.

The Plaintiff received "BB&T Home Mortgage Billing Statements" on the property both before and after Plaintiff filed for bankruptcy and after issuance of the Form 1099-C. However, after Plaintiff filed his Chapter 7 Petition, the Statements contained a "Bankruptcy Message" which stated:

> Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you. If you want to stop receiving statements, write to us.
>
> . . . . .
>
> If you are entitled to the protections of the U.S. Bankruptcy Code, (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM OR TO ENFORCE A LIEN IN VIOLATION OF THE U.S. BANKRUPTCY CODE AND IS BEING GIVEN FOR INFORMATIONAL PURPOSES OR TO COMPLY WITH A STATUTORY REQUIREMENT ONLY.

The November 30, 2021 Statement, which includes the "Bankruptcy Message," shows the principal balance of $19,753.93 that Plaintiff referred to in the Complaint. This established that after the Order of Discharge and receipt of the Form 1099-C, Plaintiff continued to make payments on the mortgage. *See* Exhibit 2 to Truist's Motion to Dismiss, DKT 7.

In his Complaint, Plaintiff asserts that Truist issued the IRS Form 1099-C in the amount of $21,727.05 which was a debt discharged on April 21, 2020 and that "the 1099-C debt cancellation is considered income for taxation purposes" but "the discharge of Debtor's personal liability for the BB&T debt and mortgage is excluded from Debtor's gross income under 26 U.S.C. § 108(a)(1)." Plaintiff's Complaint at pars. 12-16.

Plaintiff contends Truist violated the discharge injunction by treating the discharge of Debtor's personal liability of the BB&T mortgage as gross income and reporting the same to the Internal Revenue Service via a Form 1099-C for debt cancellation. Plaintiff's Complaint, par. 17.

On May 6, 2022, Truist filed its Motion to Dismiss the Adversary Proceeding for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), which applies in adversary proceedings, pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## **LEGAL ANALYSIS**

TRUIST seeks dismissal of the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 7012 asserting the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b)(6).

The Plaintiff's Complaint asserts that his action against Truist is based upon its violation of the discharge injunction pursuant to 11 U.S.C. § 524. Specifically, Plaintiff asserts in the Complaint:

> Truist Bank violated the Discharge by treating the discharge of Debtor's personal liability of the BB&T debt and mortgage as gross income and reporting same to the Internal Revenue Service via a 1099-C for debt cancellation.

Plaintiff's Complaint, par. 17.

The Debtor asserts that in his Chapter 7 Petition, he listed a secured debt owed to BB&T, which was secured by a mortgage on a duplex located at 1321 Olive Street, Louisville, Kentucky 40211. The debt was not reaffirmed with BB&T by Debtor. Debtor further asserts that after he received his Chapter 7 discharge which he acknowledges discharged his personal liability on the mortgage "but did not extinguish BB&T's right under the mortgage," Truist sent out a Form 1099-C debt cancellation which noted $21,727.05 in debt discharged on April 21, 2020. Debtor contends this debt cancellation notice resulted in income attributed to him for tax purposes, which should have been excluded from his gross income. Based upon these allegations, Plaintiff filed his Complaint against Truist and claimed that Truist violated the discharge injunction of 11 U.S.C. § 524 by

"treating Debtor's personal liability for the BB&T debt and mortgage as gross income taxable against Debtor, *i.e.* issuing the 1099-C Debt Cancellation for the BB&T debt." *See* Complaint, Request for Relief, par. 1.

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, in order to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

This Court must (1) view the Complaint in the light most favorable to the Plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The burden is on the Defendant to show the Plaintiff failed to state a claim for relief. *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

The only issue before the Court is whether the claims of the Plaintiff as set forth in the Complaint state a claim upon which relief may be granted. In this case, the issue is simply whether the Defendant's issuance of the Form 1099-C violated the discharge injunction of 11 U.S.C. § 524.

Under 11 U.S.C. § 524(a)(2),

A discharge in a case under this title –

. . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. § 524(a)(2). A willful violation of the discharge injunction by a creditor exposes the creditor to liability for its action.

Since this case involves a mortgage loan which was secured by a lien on real estate, the discharge of the Debtor's personal liability on the loan was discharged once he received his discharge in his Chapter 7 case. However, Truist's right to foreclose on the mortgage survives the bankruptcy. Truist cited the following explanation regarding its right to foreclose on the mortgage as explained by the United States Supreme Court:

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an 'enforceable obligation' of the debtor.

*Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). A bankruptcy discharge extinguishes only the action of enforcing a claim, namely, the action against the debtor *in personam* but leaves intact the action against the debtor *in rem*. *Id.* Statements or communications by a creditor to a debtor that are issued for informational purposes, but which do not demand payment, do not violate the discharge injunction. *See Roth v. Nationstar Mort., LLC (In re Roth)*, 935 F.3d 1270, 1276 (11th Cir. 2019).

The "Bankruptcy Message" that was sent by BB&T after the Plaintiff filed his Bankruptcy Petition was clearly for informational purposes only, and did not contain any wording or inference that BB&T was trying to collect a discharged debt. Plaintiff acknowledged in his response to the Bank's Motion to Dismiss, "the Chapter 7 Discharge discharged Mr. Jackson's personal liability on the BB&T mortgage, but did not extinguish BB&T's secured rights under the mortgage." This is a correct statement of the law. There is nothing in the "Bankruptcy Message" that could be construed as an attempt by Truist to collect a discharged debt.

In the Debtor's Response to BB&T's Motion to Dismiss and his Sur-Reply to Defendant's Reply, Debtor claims that because BB&T issued the Form 1099-C to both Debtor and his wife, who jointly owned the real estate, the issuance of the Form 1099-C showing the cancellation of the debt to Debtor became a taxable event for the Debtor and his wife. Plaintiff further contends Truist was not required to issue the Form 1099-C citing www.irs.gov/pub/irs-pdf/i1099ac.pdf, which states, "1. Certain bankruptcies. You are not required to report a debt discharged in bankruptcy unless you know from information included in your books and records that the debt was incurred for business or investment purposes." The Plaintiff also contends that Truist should not have issued a Form 1099-C to his wife with whom he jointly files his taxes.

The above claims by the Debtor in Response to Truist's Motion to Dismiss are not viable defenses to Truist's Motion to Dismiss the Complaint, which is based solely on his claim that Truist violated the Discharge Injunction of 11 U.S.C. § 524. Rather, Debtor claims that as a result of the issuance of the Form 1099-C, Debtor and his wife were subjected to tax liability. The issuance of the Form 1099-C, however, is not a violation of the Discharge Injunction.

Under the plain language of 26 C.F.R. § 1.6050P-1(a), any applicable entity that discharges an indebtedness of an individual, of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. "Banks and other financial institutions are required to report debt discharges (partial or complete) on Form 1099-C." *See* Information Reporting by Lenders on Form 1099-C; Chapter 12:Debt Discharge Income and Foreclosure, 1065 Deskbook, Thirty-Second Ed. 2022. The regulation clearly identifies a discharge of indebtedness under Title 11 of the United States Bankruptcy Code as one of the "identifiable events" requiring the

issuance of the Form 1099-C. *See,* 26 C.F.R. § 1.6050P-1(b)(2)(A). Truist was required to issue the Form 1099-C pursuant to 26 C.F.R. § 1.6050P-1(a).

Debtor, however, in his Response argues that Truist was not required to issue the Form 1099-C. Debtor contends that an exception to the reporting requirement is contained in 26 C.F.R. § 1.6050P-1(d)(1)(i). This section states:

> (d) Exceptions from reporting requirement - (1) Certain bankruptcy discharges - (i) In general. Reporting is required under this section in the case of a discharge of indebtedness in bankruptcy only if the creditor knows from information included in the reporting entity's books and records pertaining to the indebtedness that the debt was incurred for business or investment purposes as defined in paragraph (d)(1)(ii) of this section.

26 C.F.R. § 1.6050P-1(d)(1)(i). Debtor contends that Truist had no legal or factual basis to issue the Form 1099-C to Debtor and his wife and therefore, Truist was not required to issue the Form 1099-C.

There is no evidence in the record that at the time Truist issued the Form 1099-C to Debtor that Truist had information in its books and records that the Olive Street Property was held by Debtor for investment purposes. Without such information, the Court cannot conclude that Truist was required under 26 C.F.R. § 1.6050P-1(d)(1)(i) to issue the Form 1099-C. However, the Court does not read the regulation as prohibiting Truist from issuing the Form 1099-C, rather only that it was not required to issue the Form 1099-C.

In any event, Debtor in his Response and Objection, at p. 1, stated:

> On or about March 28, 2013, Mr. Jackson and his wife, Rhonda Jackson purchased a rental home located at 1321 Olive Street, Louisville, Kentucky 40211 that they financed by means of a real estate mortgage (the "BB&T mortgage") from Branch Banking & Trust Co., which later through merger became Truist Bank. The BB&T mortgage is the debt at issue in this proceeding.

26 C.F.R. §1.6050P-1(d)(ii) states, "Indebtedness is considered incurred for investment purposes if it is incurred to purchase property held for investment as defined by 26 U.S.C. § 163(d)(5)," which provides that "property held for investment" is defined as "any property which produces income." The above admission by Debtor moots his argument regarding the applicability of the exception to the reporting requirements under 26 C.F.R. § 1.6050P-1(d)(1)(i).

In light of Plaintiff's later admission regarding the fact the Olive Street Property was rental property, and therefore held for investment purposes, the issuance of the Form 1099-C was also appropriate under 26 C.F.R. § 1.6050P-1(d)(1)(i).

Plaintiff makes further arguments regarding the issuance of the Form 1099-C to his wife, Rhonda Jackson. Plaintiff contends that the issuance of the Form 1099-C to Mrs. Jackson "makes Mr. Jackson accountable for payment of taxes for a debt discharged by the Court in plain violation of 26 U.S.C. § 108(a)(1)(A)." Plaintiff states that because he and Mrs. Jackson file joint tax returns, the issuance of the Form 1099-C to Mrs. Jackson violates 11 U.S.C. § 108(a)(1)(A) because her indebtedness was not discharged in his Chapter 7 case. There is no merit to this argument.

Pursuant to 26 C.F.R. § 1.6050P-1(e)(1)(ii), where:

> . . . multiple debtors are jointly and severally liable on an indebtedness, the amount of discharged indebtedness required to be reported under this section with respect to each debtor is the total amount of indebtedness discharged. For this purpose, multiple debtors are presumed to be jointly and severally liable on an indebtedness in the absence of clear and convincing evidence to the contrary.

Under 26 C.F.R. § 1.6050P-1(e)(1)(i), a reporting entity, such as Truist, is allowed to issue only one Form 1099-C to a husband and wife as co-obligors if they are living at the same address when the indebtedness occurred.

Furthermore, Mrs. Jackson is not a party to this proceeding. Therefore, this Court has no jurisdiction to make any rulings regarding claims by or against Mrs. Jackson. Mrs. Jackson has an action pending before the United States District Court for the Western District of Kentucky. The Court has no knowledge of the subject matter of the case involving Mrs. Jackson and declines to issue any rulings pertaining to Mrs. Jackson.

Finally, in his Notice to Rely Upon Additional Authority filed on August 5, 2022, Plaintiff again argues that Truist should not have issued the Form 1099-C to Mrs. Jackson. Plaintiff cites to a filing by Truist in Mrs. Jackson's lawsuit in federal court in which Truist stated that it did not matter whether Truist issued the Form 1099-C to the Plaintiff and his wife individually or jointly, once Mr. Jackson received his discharge on the mortgage debt, it resulted in gross income to the Debtor and Mrs. Jackson on their joint tax return in the total amount of the debt discharged.

Debtor contends the above statement constitutes an admission against interest by Truist. This argument also misses the mark. Whether the issuance of the Form 1099-C to the Debtor and/or his spouse resulted in a tax liability to Debtor and/or his wife is a matter solely between the Debtor and/or his wife and the Internal Revenue Service. The Internal Revenue Service is not a party to this case, nor is Debtor's spouse, and the Court has no jurisdiction to make any rulings involving the Internal Revenue Service or Debtor's spouse, in this proceeding.

The only issue relevant to the Debtor's case before this Court is whether the issuance of the Form 1099-C to the Debtor violated the Discharge Injunction. As set forth in this Memorandum-Opinion, the Form 1099-C issued by Truist did not violate the Discharge Injunction of 11 U.S.C. § 524. Since this is the only claim asserted in Debtor's Complaint, the Complaint fails to state a

claim upon which relief may be granted pursuant to 11 U.S.C. § 12(b)(6). Accordingly, the Court will **GRANT** Truist's Motion to Dismiss the Complaint of the Plaintiff.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order granting Truist's Motion to Dismiss Adversary Complaint for Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(6).

*Joan A. Hoyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 29, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DONALD W. JACKSON, SR. | ) | CASE NO: 20-30171(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| DONALD W. JACKSON, SR. | ) | AP NO: 22-03005 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRUIST BANK | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

This matter having come before the Court pursuant to the Motion to Dismiss Adversary Complaint for Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendant Truist Bank, and

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

The Motion to Dismiss Adversary Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Truist Bank, be and hereby is, **GRANTED**. This case is dismissed with prejudice.

This is a final and appealable Order. There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 29, 2022